USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/27/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

WILFREDO SEPULVEDA,

              Defendant.

No. 18-cr-363 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

    At the sentencing proceeding held on November 25, 2019, the Court sentenced Defendant principally to a total term of 288 months' (24 years') imprisonment on Counts One, Two, and Three of the February 21, 2019 superseding indictment. In the course of calculating Defendant's Guidelines range, the Court determined that Defendant should be assessed three criminal history points pursuant to Guidelines Section 4A1.1(a) for having previously been sentenced to a term of 18 months' imprisonment on October 20, 2004, rather than no criminal history points for that prior sentence as recommended by the Probation Office. (See Doc. No. 96, July 25, 2019 Final Presentence Report ("PSR"), at ¶ 38.) In light of Defendant's other prior sentences set forth in the PSR, this resulted in an increase in Defendant's criminal history category from III to IV, and a concomitant increase in Defendant's Guidelines range from 188–235 months to 210–262 months. Upon further review, the Court now finds, for the reasons set forth below, that Defendant should be assessed no criminal history points for his prior sentence described at paragraph 38 of the PSR. Nevertheless, because the Court did not base Defendant's sentence on his criminal history category in any respect, a new sentence is not warranted.

    Under Guidelines Section 4A1.2(a), where a defendant has multiple prior sentences, the

Court "must determine whether those sentences are counted separately or treated as a single sentence." *Id.* § 4A1.2(a)(2). With respect to this determination, the Guidelines further provide:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e., the defendant is arrested for the first offense prior to committing the second offense*). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; *or (B) the sentences were imposed on the same day*. Treat any prior sentence[s] covered by (A) or (B) as a single sentence.

*Id.* (emphasis added).

Here, the PSR reflects that (1) although Defendant committed distinct narcotics-related offenses on October 8, 2003 and March 31, 2004, these two offenses were not separated by an "intervening arrest" because Defendant was not arrested for the first offense until June 24, 2004, which was *after* he committed the second offense; and (2) "the sentences [for the two offenses] were imposed on the same day," October 20, 2004. (PSR ¶¶ 37–38.) U.S.S.G. § 4A1.2(a)(2). Thus, Defendant's October 20, 2004 sentences for the October 2003 and March 2004 offenses should be treated as a single prior sentence pursuant to Guidelines Section 4A1.2(a)(2), resulting in a total of three criminal history points for both sentences.[1] Accordingly, the Court agrees with Probation's recommendation that Defendant is in criminal history category III, which, combined with a total offense level of 34, results in a Guidelines range of 188–235 months.

Nevertheless, the Court finds no basis for revisiting Defendant's sentence, since the erroneous Guidelines calculation had no effect on the sentence and was therefore harmless. As

---

[1] Where two prior sentences are treated as a single sentence, the Court uses "the longest sentence of imprisonment if concurrent sentences were imposed," but "the aggregate sentence of imprisonment" "[i]f consecutive sentences were imposed." U.S.S.G. § 4A1.2(a)(2). Here, consistent with the test for concurrent sentences, the PSR assessed 3 criminal history points based on the sentence for the March 2004 offense (6 years' imprisonment) and no criminal history points for the sentence based on the October 2003 offense (18 months' imprisonment). (PSR ¶¶ 37–38.) While it is unclear whether these two sentences in fact ran concurrently or consecutively, it does not make a difference because Defendant would be assessed a total of 3 criminal history points for the two sentences regardless, given that both the longer sentence and the aggregate sentence exceed one year. *See* U.S.S.G. § 4A1.1(a).

the Court made "crystal clear" on the record at the November 25, 2019 sentencing, Defendant's sentence would not be "any different under [c]riminal [h]istory [c]ategory III, IV, or VI." (Transcript of November 25, 2019 Hearing ("Tr.") at 46:23–47:1; *see also id.* at 47:2–6 ("[T]here's no magic to [the Guidelines] . . . . [T]hey are not anything that I'm going to slavishly follow. I never do, and I won't in this case either.").) Applying the factors set forth in 18 U.S.C. § 3553(a), the Court primarily based Defendant's sentence on the seriousness of the instant crimes, including the fact that Defendant utilized a gun and knife to threaten an 83-year-old woman with death before ransacking her home, and then pointed a gun at a good Samaritan neighbor who attempted to prevent Defendant from fleeing the scene of the robbery. (*Id.* at 44:15–45:16.) The Court also based its sentence in part on the fact that Defendant had previously been deported for his past criminal conduct, and yet was not deterred but rather reentered the country and continued to commit crimes. (*Id.* at 45:15–16.) In addition, while the Court also based its sentence in part on Defendant's criminal history, in doing so the Court expressly declined to rely on Defendant's actual criminal history category (*id.* at 46:24–47:1), and instead focused on the seriousness of Defendant's prior criminal *conduct* (*id.* at 46:17–19), particularly the fact that such conduct involved violently resisting arrest following the commission of serious narcotics offenses (*id.* at 17:13–23, 23:18–23, 45:10–13; *see also* PSR ¶¶ 37–39). Finally, the Court noted that Defendant would have been a career offender in criminal history category VI but for recent hypertechnical judicial interpretations of the term "controlled substance offenses" under Guidelines Section 2K2.1.[2] (Tr. at 20:18–21:11, 46:17–22.)

In sum, while the Court finds that Defendant's criminal history category is III, the Court adheres to its previous determination that, regardless of whether Defendant's criminal history

---

[2] Had Defendant been found to be a career offender, his increased criminal history category of VI, combined with an increased offense level of 37, *see* U.S.S.G. § 4B1.1(b), would result in a Guidelines range of 360 months–life.

3

category is III or IV (or VI), a sentence of 288 months is appropriate but not greater than necessary to achieve the objectives of sentencing set forth in 18 U.S.C. § 3553(a). Although the parties did not object to the Court's Guidelines calculation at sentencing, in light of the recalculation set forth in this Order, the parties may, no later than Wednesday, December 4, 2019, submit any objection to the Court's revised Guidelines calculation or sentencing determination; Defendant shall, by that date, also advise the Court as to whether he wishes to appear for argument and/or resentencing in this matter.

SO ORDERED.

Dated: November 27, 2019
New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation