USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/5/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

WILFREDO SEPULVEDA,
    a/k/a "Dionicio de la Cruz Rodriguez,"

                  Defendant.

- - - - - - - - - - - - - - - - - x

PRELIMINARY ORDER OF
FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

S3 18 Cr. 363 (RJS)

On or about February 21, 2019, WILFREDO SEPULVEDA, a/k/a "Dionicio de la Cruz Rodriguez," ("Defendant"), was charged in a five-count Superseding Indictment, S3 18 Cr. 363 (RJS), (the "Indictment"), with Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2 (Count One); narcotics possession with intent to distribute, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A) and Title 18, United States Code, Section 2 (Count Two); narcotics possession with intent to distribute, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A) and Title 18, United States Code, Section 2 (Count Three); use of a firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (c)(1)(A)(ii), and 2 (Count Four); and felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and (2) (Count Five).

The Indictment included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to

Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment that Defendant personally obtained.

The Indictment included a forfeiture allegation as to Counts Two and Three, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts Two and Three of the Indictment and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses charged in Counts Two and Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Two and Three of the Indictment that Defendant personally obtained.

On or about May 14, 2018, the government seized $13,000 in United States currency in Bronx, New York (the "Specific Property").

On or about March 24, 2019, the government filed the government's Forfeiture Bill of Particulars (D.E. 76) in which the government gave notice that the Specific Property is subject to forfeiture as a result of the commission of the offenses charged in Count One of the Indictment.

On or about March 29, 2019, following a jury trial, Defendant was found guilty of Counts One, Three, and Five of the Indictment and a lesser included offense of Count Two of the Indictment, narcotics possession with intent to distribute, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B) and Title 18, United States Code, Section 2.

The government asserts that $13,000 in United States currency represents property constituting, or derived from, proceeds traceable to the commission of the offense charged in Count One of the Indictment that Defendant personally obtained.

The government seeks the entry of a money judgment in the amount of $13,000 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that Defendant personally obtained.

The government further seeks the forfeiture of Defendant of all his right, title and interest in the Specific Property, which constitutes proceeds traceable to the offense charged in Count One of the Indictment, that Defendant personally obtained.

The Court finds that, as a result of acts and/or omissions of Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property.

Pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

Accordingly, IT IS HEREBY ORDERED THAT:

1. As a result of the offense charged in Count One of the Indictment, of which Defendant was found guilty, a money judgment in the amount of $13,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that Defendant personally obtained, shall be entered against Defendant.

2. As a result of the offense charged in Count One of the Indictment, to which Defendant was found guilty, all of Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to Defendant, WILFREDO SEPULVEDA, a/k/a "Dionicio de la Cruz Rodriguez," and shall be deemed part of the sentence of Defendant, and shall be included in the judgment of conviction therewith.

4. The Specific Property shall be applied toward the satisfaction of the Money Judgment.

5. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate Defendant's name and case number.

6. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture

Fund, and the United States shall have clear title to such forfeited property.

7. Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

8. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

12. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of

substitute assets of Defendant up to the uncollected amount of the Money Judgment.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

15. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

SO ORDERED:

_____  
HONORABLE RICHARD J. SULLIVAN  
UNITED STATES CIRCUIT JUDGE  
Sitting by Designation

11/25/19  
DATE